Lockwood, 84 U. S. (17 Wall.) 376–382, 21 L. Ed. 627; Kiley v. West. Union Telegraph Co., 109 N. Y. 231, 16 N. E. 75; Western Union Telegraph Co. v. Way, 83 Ala. 543, 4 South. 844.

---

### LIPPMANN v. MENDE et al.

(Supreme Court, Appellate Division, First Department.   January 3, 1913.)

1. TAXATION (§ 708*)—PEOPLE OF STATE—SUFFICIENCY OF ALLEGATION.

    Greater New York Charter (Laws 1901, c. 466) § 1035, as amended by Laws 1911, c. 65, provides that, where the people of the state of New York is made a defendant, the complaint shall state, in addition to the other matters required, detailed facts showing the particular nature of the interest in or lien on said realty of the people, and detailed facts showing the particular nature of such interest or lien which plaintiff has

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

reason to believe the people may have, and the reason for making the people a party, and upon failure to so state the complaint shall be dismissed as to the people. *Held*, that a mere allegation of the complaint in an action to foreclose a transfer tax lien, to which the people was made a party, that the premises may have escheated to the people, was not a detailed statement of the facts showing the nature of the people's interest in the realty, to justify making them a defendant.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1291–1297, · 1406; Dec. Dig. § 708.*]

2. STATES (§ 191*)—ACTIONS AGAINST—CONSENT.

The state can only be sued by its own consent.

[Ed. Note.—For other cases, see States, Cent. Dig. §§ 179–184; Dec. Dig. § 191.*]

3. TAXATION (§ 708*)—AIDER BY AFFIDAVITS.

The complaint, in an action to foreclose a transfer tax lien, cannot be aided by answering affidavits subsequently filed on motion to strike a party defendant.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1291–1297, 1406; Dec. Dig. § 708.*]

Appeal from Special Term, New York County.

Action by David Lippmann against Roma H. Mende and others. From an order dismissing the complaint as against one defendant, plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Harold Swain, of New York City, for appellant.

Thomas Carmody, Atty. Gen. (Robert P. Beyer, of New York City, of counsel), for respondent.

CLARKE, J. This is an action to foreclose a transfer tax lien. The complaint alleges the purchase of the tax lien, the situation of the property, the failure to pay the semiannual interest, the election by the defendant to deem the aggregate amount of said tax lien to be immediately payable, and then follow these two allegations:

"Seventh. The plaintiff is informed and believes, or has reason to believe, that the defendants and each of them have, claim to have, or may have an interest in or claim upon the real property affected by the said lien, which interest or claim is subject and subordinate to the lien of the plaintiff herein.

"Eighth. The people of the state of New York is made a party defendant to this action by reason of the fact that the premises in this action may have escheated to said the people of the state of New York upon the death of one John Cotter, the grantee in a certain deed made by Ely Moore and wife, dated November 16, 1827, and recorded in the office of the register of the county of New York on November 14, 1828, in Liber 241 of Conveyances, page 542."

[1] Section 1035 of the Greater New York Charter, as amended by chapter 65 of the Laws of 1911, provides as follows:

"Where the people of the state of New York * * * is made a party defendant the complaint shall set forth, in addition to the other matters required to be set forth by law, detailed facts showing the particular nature of the interest in or the lien on the said real property of the people of the state of New York * * * and detailed facts showing the particular nature of the interest in or the lien on said real property which plaintiff has reason to believe that the people of the state of New York * * * has or may

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

have in the said real property, and the reason for making the people of the state of New York * * * a party defendant. Upon failure to state such facts, the complaint shall be dismissed as to the people of the state. * * *"

[2] Of course, it a fundamental proposition that the state cannot be sued, except by its own permission. When it has provided how it may be sued, and what allegations must appear in the complaint, and distinctly provides for a dismissal of a complaint which does not comply with the law permitting the suit to be brought, there is nothing to do but obey the law and dismiss the complaint. It is obvious that the law has not been complied with, and that the mere statement that the premises may have escheated to the people upon the death of one John Cotter. is not "the detailed facts showing the particular nature of the interest" and the "detailed facts showing the particular nature of the interest in or the lien on said real property which plaintiff has reason to believe that the people has or may have in the said real property, and the reason for making the people a party defendant." In other words, if this allegation satisfies the law, the statute was idle, and we are back just where we were at the time the law was enacted. It was passed for the very purpose of relieving the Attorney General's office from a horde of cases upon the mere allegation that the state may have a lien, which is all that this complaint does.

[3] Appellant claims that the facts set up in the answering affidavits satisfy the requirements of the statute. It is a sufficient answer that this order was made on the complaint, which cannot be pieced out by subsequent affidavits. The complaint, as framed, fails to comply with the law.

The order of dismissal as against the people should be affirmed, with costs and disbursements to the respondent. All concur.